# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

DEMEZZ HAMILTON

145 East 23rd Street

Apartment 15-G

New York, New York 10010-3781

                Plaintiff,

**COMPLAINT**

[42 U.S.C.A. §1981 of the Civil Rights Act of 1866 Claim and Intentional Infliction of Emotional Distress Claim]

-VS.-

UBER TECHNOLOGIES, INC.

1455 Market Street, Suite 400

San Francisco, CA 94103

                Defendant,

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff, DEMEZZ HAMILTON, for his complaint against the Defendant, UBER TECHNOLOGIES, INC., states, alleges, and complains as follows:

### THE PARTIES

1. The plaintiff, Demezz Hamilton (hereinafter referred to as "Plaintiff" or "Mr. Hamilton"), is a resident of New York City, Manhattan County, in the state of New York. Plaintiff is an

1

African American male who ordered an Uber ride to his dialysis appointment to be picked up at Plaintiff's home address in Manhattan, where he was called a "Nigger" and denied transportation service on the basis of his race by an Uber driver with the purpose of degrading, harassing, humiliating, and racially discriminating against the Plaintiff while patronizing the Defendant's business in good faith.

2. The defendant, Uber Technologies, Inc. (hereinafter referred to as "Defendant" or "UBER"), is an American mobility as a service provider, allowing users (customers) to book a car and driver to transport them in a way similar to a taxi. Its corporate headquarters is located at 1455 Market Street, Suite 400, in San Francisco, California, and it has operations in approximately 72 countries and 10,500 cities, including New York City where the incident described in this Complaint took place. At all times material hereto, the Defendant was carrying on its ordinary course of business of providing transportation services.

3. On information and belief, the Defendant is, and was at all times, relevant to the allegations herein. Plaintiff is licensed to conduct business in the state of New York.

4. The Defendant was in the business of providing transportation services to customers.

5. Upon information and belief, the registered agent for the Defendant is CT Corporation System, whose address on file is 28 Liberty Street, New York, New York 10005.

## JURISDICTION AND VENUE

6. This court is vested with jurisdiction over the Defendant because, at all times material hereto, it was doing business and maintaining a place of business in the State of New York.

7. This court is vested with original jurisdiction because the damages sought by the Plaintiff are in excess of Twenty-Five Thousand Dollars ($25,000.00 USD).

8. This action arises under the federal laws of the United States of America. Jurisdiction is conferred on this Court pursuant to 28 USC §1343 (3) (1948).

9. Venue is proper in Manhattan County because the cause of action arose in this county and because at all times material hereto, the Plaintiff was a resident and Defendant operates it business in Manhattan County.

10. This case seeks to protect and vindicate fundamental civil rights concerning Plaintiff's right to be free from harassment and discrimination on the basis of race when patronizing Defendant's public place of business, under federal law. It is a civil rights action brought under 42 USCA §1981 of the Civil Rights Act of 1866, challenging Defendant's restriction on Plaintiff's civil right to be free from harassment and discrimination on the basis of race.

# STATEMENT OF FACTS

11. On Tuesday, July 26, 2022, at approximately 7:05a.m., Plaintiff ordered an UBER ride to his dialysis medical appointment.

3

12. The UBER driver, who was driving a black Toyota Highlander with the New York City Taxi & Limousine Commission (the "TLC") license plate number of T703465C, pulled up directly across the street from the Plaintiff's residential building.

13. As Plaintiff walked across the street to the SUV, the UBER driver rolled down his window, called Plaintiff a "Nigger," waved his hands toward the Plaintiff nonverbally indicating to the Plaintiff that he was refusing transportation service to Plaintiff, and abruptly made a U-turn.

14. Plaintiff proceeded to walk backed across the street towards the SUV again, but the UBER driver immediately peeled off again. Luckily, there was traffic in front of his SUV, and the Plaintiff was able to take a picture of his license plate number. There was an eyewitness standing in front of Plaintiff's building who observed the entire incident.

15. As a result of the UBER driver's refusal of service based on the Plaintiff's race, the Plaintiff's was late for his dialysis appointment, and his treatment was shortened, which decreases the lifespan of the Plaintiff.

16. Plaintiff filed a compliant with both UBER and the New York City TLC (Complaint number 311-11160430) on July 26, 2022, immediately following the incident.

17. On July 28, 2022, at approximately 9:59a.m., Plaintiff received a call from Mr. Alex Tofie from UBER's support department. Plaintiff explained the incident to Mr. Tofie, and he informed the Plaintiff that his department would conduct an investigation and get back to Plaintiff.

4

18. On July 29, 2022, at approximately 1:12p.m., Plaintiff received an email from Mr. Tofie from UBER's support department. He apologized on behalf of UBER, and gave the Plaintiff $15.00 in Uber Cash and refunded the cancellation fee associated with the trip. He also "merely" reminded the UBER driver that UBER's Community Guidelines prohibit discriminatory behavior. This admission of culpability and tiny gesture by the Defendant was an insult to the Plaintiff and did not make up for the egregious racial discrimination that the Plaintiff had to endure; furthermore, this is not the first time Plaintiff has been denied transportation service based on his race by the Defendant. Anti-Black American racism is a systemic problem within the Defendant's organization that is not being taken seriously.

19. Plaintiff seeks a declaration that Defendant violated Plaintiff's clearly established civil rights as set forth in this Complaint; a declaration that Defendant's restriction on Plaintiff's civil rights violates 42 USCA §1981 of the Civil Rights Act of 1866, under federal law, as set forth in this Complaint.

# FIRST CLAIM FOR RELIEF
## (Civil Rights – 42 USCA §1981)

20. Plaintiff hereby incorporates by reference all stated paragraphs.

21. By reason of the egregious actions by the Defendant and its employee or agent against the Plaintiff, Defendant has deprived Plaintiff's civil right by not only harassing but also

5

discriminating against the Plaintiff who is a current patron of its transportation business on the basis of Plaintiff's race in violation federal law 42 USCA §1981.

22. As a direct and proximate result of Defendant's violation of Plaintiff's civil rights under 42 USCA §1981, Plaintiff has suffered irreparable harm, including the loss of Plaintiff's civil rights, entitling Plaintiff to declaratory relief, nominal damages, and punitive damages in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00 USD).

# SECOND CLAIM FOR RELIEF
## (Intentional Infliction of Emotional Distress)

23. Plaintiff hereby incorporates by reference all stated paragraphs.

24. By reason of the egregious actions by the Defendant and its agent or employee against the Plaintiff, Defendant has deprived Plaintiff's civil right by harassing and discriminating against the Plaintiff who is a current patron of its transportation business on the basis of Plaintiff's race in violation of federal law 42 USCA §1981.

25. As a direct and proximate result of Defendant's violation of Plaintiff's civil rights under 42 USCA §1981, Plaintiff has suffered intentional infliction of emotional distress, entitling Plaintiff to declaratory relief, nominal damages, and punitive damages in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000.00 USD).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A) to declare that Defendant's restriction on Plaintiff's civil rights violate federal law 42 USCA §1981, as set forth in this Complaint.

B) an order for the Defendant to reimburse the Plaintiff all legal fees associated with these claims.

C) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

DEMEZZ HAMILTON

*/s/ Demezz Hamilton/*

Demezz Hamilton, Pro Se Litigant

145 East 23rd Street, Apartment 15-G

New York, New York 10010

Tel: (332) 331-1113

hamiltonj131@gmail.com

Sworn to before me
this 10th day of August, 2022
*/s/ Steven E Hiller/*

7

STEVEN E HILLER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HI4507658
Qualified in New York County
Commission Expires NOVEMBER 30, 2025