UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEMEZZ HAMILTON,

                Plaintiff,

-against-

UBER TECHNOLOGIES, INC.,

                Defendant.

22 Civ. 6917 (PGG)

**ORDER OF SERVICE**

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff, who is appearing pro se, brings this action under 42 U.S.C. § 1981, and state law.  The Complaint could also be liberally construed as asserting claims under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a).  (See Dkt. No. 2)  By order dated August 15, 2022, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.  (Dkt. No. 3)

**DISCUSSION**

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant Uber Technologies, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Uber Technologies, Inc., complete the USM-285 forms with the addresses for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 1, 2022
New York, New York

_____
PAUL G. GARDEPHE
United States District Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1. Uber Technologies, Inc.
   1455 Market Street, Suite 400
   San Francisco, CA 94103